UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-14396-BLOOM

CHRISTOPHER SNEED KING,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## ORDER DENYING PETITION

**THIS CAUSE** is before the Court upon Christopher Sneed King's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. [1] ("Petition"). Petitioner challenges the constitutionality of his convictions and sentences in case number 2012-CF-000898 in Florida's Tenth Judicial Circuit.

Respondent Florida Department of Corrections ("Respondent") filed a Response, ECF No. [12], and an Appendix, ECF No. [13], as well as a Notice of Filing Transcripts, ECF No. [14]. Petitioner thereafter filed a Reply, ECF No. [17]. The Court has carefully considered the Petition, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is denied.

**I. BACKGROUND**

Petitioner was charged in Highlands County, Florida, with one count of aggravated manslaughter of a child (count one) and one count of neglect of a child causing great bodily harm (count two). *See* ECF No. 13-1 at 11–12 ("Information"). Petitioner proceeded to a jury trial; however, shortly after jury selection, he elected to enter an open plea to the court. *See id.* at 17–

20. The trial court sentenced Petitioner to 20 years' imprisonment on count one, and the State filed a *nolle prosequi* on count two. *See id.* at 26. Petitioner filed a notice of appeal, *see id.* at 32, and the state appellate court affirmed without opinion on June 12, 2015. *See King v. State*, 175 So. 3d 295 (Fla. 2d Dist. Ct. App. 2015).

Petitioner thereafter filed a Motion for Postconviction Relief on August 25, 2015. *See* ECF No. [13-1] at 94. He docketed an Amended Motion for Postconviction Relief on January 11, 2016. *See id.* at 119. The postconviction court denied in part and directed the State to respond in part to the motion. *See id.* at 142. Following several state responses and amended postconviction motions, Petitioner docketed his Third Amended Motion for Postconviction Relief on June 13, 2017. *See id.* at 198. Following an evidentiary hearing, the state postconviction court denied Petitioner's motion in its Final Order on Defendant's Motion for Postconviction Relief. *See* ECF No. [13-2] at 2–7 ("Final Order"). On appeal, the state court affirmed without a written opinion on October 11, 2019. *See King v. State*, 284 So.3d 466 (Fla. 2d Dist. Ct. App. 2019).

While Petitioner's Motion for Postconviction Relief was on appeal, Petitioner filed another motion for postconviction relief. *See* ECF No. 13-3 at 2. On June 23, 2020, the postconviction court dismissed the motion without prejudice providing Petitioner 60 days' leave to file a facially sufficient motion. *See id.* at 76. As of the date of this Order, he has not filed an amended motion.[1]

---

[1]The Court takes judicial notice of the Highlands County Clerk of Courts online docket at: https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=KB87hla1XI6ivcnvvoO6PzoRY6qTd8zePugzl5IwzeU&from=caseSearchTab *See Paez v. Sec'y, Fla. Dep't of Corr.,* 947 F.3d 649, 651 (11th Cir.) (holding that district court could take judicial notice of online state court dockets).

The present Petition was filed on June 10, 2021.[2] It was originally filed in the Middle District but was transferred to the Southern District on September 28, 2021. *See* ECF No. 6.

## II. LEGAL STANDARD

### A. Deference Under § 2254

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quotation marks omitted). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks omitted).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially indistinguishable from a decision of the Supreme Court and

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

3

nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

Moreover, a federal district court is authorized to deny a claim for federal habeas corpus relief when the claim is subject to rejection under *de novo* review, regardless of whether AEDPA deference applies. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (holding federal courts may deny petitions for writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, as a habeas petitioner will not be entitled to habeas relief if his claim is rejected following *de novo* review); *Connor v. GDCP Warden*, 784 F.3d 752, 767 (11th Cir. 2015).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks and footnote omitted). Deferential review under § 2254(d) is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

## B.     Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting

*Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### III. DISCUSSION

#### A. Timeliness

The parties agree that the Petition is timely filed. *See* ECF No. [12] at 14. Having reviewed the record in full, the Court finds that the Petition was timely filed.

#### B. Exhaustion

Respondent asserts that "all of the grounds [in the Petition] are unexhausted." *Id.* at 16. Petitioner counters that "he fairly presented the state courts with a federal due process claim." ECF No. [17] at 1. As to Ground One, the record undermines him.

**1. Ground One is Unexhausted**

"For purposes of exhausting state remedies, a habeas claim must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling a petitioner to relief. A petitioner does not satisfy the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief. Nor is it enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray v. Netherland*, 518 U.S. 152, 163 (1996) (cleaned up). "Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Jimenez v. Fla. Dep't of Corr.,* 481 F.3d 1337, 1342 (11th Cir. 2007). "A litigant can easily indicate his claim's federal law basis in a petition or brief, for example, by citing to the federal source of law on which he relies or simply labeling the claim "federal." *Baldwin v. Reese*, 541 U.S. 27, 28 (2004).

Here, Ground One is copied verbatim from Petitioner's initial brief on direct appeal with a few exceptions. *See generally* Petition; ECF No. [13-1] at 41–73 ("Initial Brief"). "Appellant" is now "petitioner." *See id.* The citations to Florida cases have been removed. *See id.* And the following final paragraph was added:

> The record is clear that the lower court erred in denying the Petitioner's motion to withdraw his plea. Therefore, the State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

ECF No. [1] at 6. Returning to the Initial Brief, the words "federal" or "due process" are not written once in the thirty-two-page document. *See Baldwin*, 541 U.S. at 28. The Initial Brief is devoid of any mention of the U.S. Constitution. Petitioner also cites exclusively to state cases decided on state grounds. *See* Initial Brief at 43. All his arguments center on Florida law, mainly the "*Williams*

rule[3] or inextricably intertwined evidence of prior bad acts." *Id.* at 68; ECF No. [1] at 5. Nothing in his argument would have alerted the state court to the presence of a federal due process claim. Thus, Petitioner failed to exhaust his federal claim.

Moreover, Petitioner would now be barred from raising his constitutional claim before the state court. Florida law procedurally bars new claims or claims that have already been raised in prior petitions when "the circumstances upon which they are based were known or should have been known at the time the prior petition was filed." *Johnson v. Singletary,* 647 So.2d 106, 109 (Fla.1994).

To overcome this procedural bar in federal court, there are two equitable exceptions to the procedural default rule: "cause and prejudice" and "actual innocence." *See Dretke v. Haley*, 541 U.S. 386, 393 (2004). To demonstrate "cause and prejudice," Petitioner must show that "some objective factor external to the defense impeded the effort to raise the claim properly in the state court[,]" and that, had the claim been properly raised, "there is at least a reasonable probability that the result of the proceeding would have been different." *Harris v. Comm'r, Ala. Dep't of Corr.*, 874 F.3d 682, 688 (11th Cir. 2017).

In contrast, the actual innocence exception can only be met when the petitioner provides new evidence showing that "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner bears the burden of proving that either one of these exceptions would excuse a procedural default. *See Gordon v. Nagle*, 2 F.3d 385, 388 (11th Cir.

---

[3] Relating to the Florida rule of evidence derived from *Williams v. State*, 110 So. 2d 654, 658 (Fla. 1959).

1993) ("A defendant has the burden of establishing cause and prejudice."); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence[.]") (cleaned up).

Neither equitable exception to the procedural default rule applies. Petitioner makes no showing of "cause and prejudice," and no new evidence is presented to establish "actual innocence." *See generally* Petition, Reply. Ground One is thus dismissed. *See Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) ("A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default.").

**2. Grounds Two Through Five**

Petitioner's ineffective assistance of counsel ("IAC") claims in Grounds Two through Five were presented to the state courts in motions for postconviction relief with a "notice of federal constitutional claims." ECF No. [13-1] at 120. Petitioner has a stronger claim that these grounds were exhausted. As such, the Court will address these grounds on the merits. *See LeCroy v. Sec'y, Fla. Dep't of Corr.,* 421 F.3d 1237, 1261 n. 26 (11th Cir. 2005) (Under the AEDPA, a federal court may not grant a habeas petition that contains unexhausted claims, but it may deny such a petition on the merits).

**C. IAC Ground Two**

Petitioner asserts that "counsel was ineffective for misadvising [him] to enter a plea with the assurance that his right to appeal had been preserved." Petition at 6. The state postconviction court held an evidentiary hearing on this matter and made the following findings:

> In claim 2, Defendant asserts counsel was ineffective by misadvising Defendant to enter a plea with the assurance that his right to appeal had been preserved. Defendant testified that he entered his plea because trial counsel, Shirley Whitsitt, assured him that he would be able to appeal the motion in limine.

9

> Ms. Whitsitt testified that she talked to Defendant about moving forward through trial and appealing issues afterward. She testified that she advised Defendant that with the evidence coming in, she felt that he would be convicted and that the trial judge would sentence him to the full thirty years. Ms. Whitsitt also testified that she talked to Defendant about entering a plea and specified that the decision to enter the straight-up plea was Defendant's decision. She testified that she did not tell Defendant he could appeal the rulings on the motion in limine and the State's Williams Rule motion after he pled. Ms. Whitsitt further testified that she did not tell Defendant that his right to appeal those rulings would be preserved upon his plea. Ms. Whitsitt testified that she did tell him his right to appeal was waived upon entry of the plea.
>
> The court finds Ms. Whitsitt did not advise Defendant or otherwise assure him that his right to appeal the trial court's rulings had been preserved. The court finds counsel was not ineffective, nor was Defendant prejudiced by counsel's actions or inactions. Claim 2 is denied.

Final Order at 5. The postconviction court's finding that Petitioner failed to establish deficiency or prejudice under *Strickland* was reasonable and supported by the record. "Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review." *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011). Accordingly, this ground is denied under both the "prejudice" and "deficient performance" prongs of *Strickland*, 466 U.S. at 687-88.

### D. IAC Ground Three

Petitioner asserts that counsel was ineffective for failing to request a final ruling on his continuance motion and misadvising him that the continuance motion was denied. *See* Petition at 8. He asserts that this resulted in an involuntary plea. *See id.* On this point, the state postconviction court made the following findings:

> In claim 3, Defendant asserts he entered an involuntary plea based on misadvice from counsel that the trial court had denied his motion for continuance. However, Ms. Whitsitt testified that she never told Defendant that her motions for continuances were denied, and that Defendant was present for every continuance motion that she made. Based on Ms. Whitsitt's testimony, and a review of the record (*see attachments*), the court finds that Ms. Whitsitt made numerous requests for continuances, with Defendant present, and the trial court repeatedly indicated the trial would continue – effectively denying her requests. The court finds counsel was not ineffective, nor was Defendant prejudiced.

Case No. 21-cv-14396-BLOOM

Final Order at 5. The postconviction court found that trial counsel's testimony was credible. *See id.* at 1. "Federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422 (1983). In sum, the postconviction court's findings were reasonable and counsel was not deficient. *See Strickland*, 466 U.S. at 697 (A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs). Accordingly, Ground Three is denied.

### E. IAC Ground Four

Petitioner asserts that "[c]ounsel rendered ineffective assistance by failing to retain a toxicologist prior to trial which left the petitioner without any defense at trial resulting in him entering an involuntary plea." Petition at 12. Having reviewed the record in full, the Court finds nothing unreasonable with the trial court's rejection of IAC Ground Four. *Wilson*, 138 S. Ct. at 1192 (requiring a federal court sitting in habeas to defer to "reasonable" reasons given by the state court in rejecting a claim for relief). Petitioner seems to suggest, but does not explicitly state, that a toxicology expert would have refuted the State's results and exonerated him. *See generally* Petition at 12–14. His assertion is speculative and insufficient to merit an evidentiary hearing. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim and do not warrant an evidentiary hearing).

Moreover, had a defense expert made the same findings as the State's experts, it would have been devastating to Petitioner's case. His speculation about what an expert might have opined is not a basis for relief. *See Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978) (noting that complaints of uncalled witnesses, in support of claims of ineffective assistance of counsel, are

11

not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative).

The Court agrees with the postconviction court that Petitioner's counsel made reasonable strategic choices based on an informed understanding of the law and facts of the case. *See Strickland*, 466 U.S. at 690-91. Petitioner also fails to show that "the result of the proceedings would have been different" had trial counsel retained a toxicologist. Accordingly, this claim is denied under both the "prejudice" and "deficient performance" prongs of *Strickland*. 466 U.S. at 687-88.

**F. IAC Ground Five**

Petitioner asserts that counsel was ineffective for failing to advise him "that count two was barred by double jeopardy and he could not be convicted of both counts at trial." Petition at 14. On this point, the state postconviction court made the following findings:

> In claim 5, Defendant asserts counsel failed to advise Defendant that count two was barred by double jeopardy and he could not be convicted of both counts at trial.
>
> Ms. Whitsitt testified that she told Defendant he was facing thirty years, and that during the trial portion of his case she never told him that he was facing 45 years. Ms. Whitsitt testified that the charge were multiplicitous, based on a case decided after Defendant's case was filed and a few months after she sent Defendant a letter advising him that he was facing 45 years in prison. She testified that she told Defendant he was facing thirty years imprisonment, advising him during the trial proceedings that she thought there was a chance he would get less than that if he entered a straight-up plea. Ms. Whitsitt testified that going into the trial they "all" knew that count two was barred based on double jeopardy, and that she was sure she had discussed this with Defendant. Ms. Whitsitt testified that she thought it was clear to Defendant concerning the double jeopardy issue. Ms. Whitsitt is credible; the court finds counsel was not ineffective, nor was Defendant prejudiced. Claim 5 is denied.

Final Order at 6–7. The state postconviction court found trial counsel's testimony to be credible. Once again, the Court defers to the state postconviction court's determinations of witness credibility. *See Consalvo*, 664 F.3d at 845. Accordingly, counsel was not ineffective and Ground

Five is denied. *See Strickland*, 466 U.S. at 697 (A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs).

### IV. EVIDENTIARY HEARING

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the issues presented can be resolved based on the record before the Court. Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### V. CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court rejects a petitioner's claims on procedural grounds, the petitioner must additionally show that "jurists of reason" would find the district court's procedural ruling "debatable." *Id*.

Case No. 21-cv-14396-BLOOM

Upon consideration of the record, the Court denies a certificate of appealability on all grounds.

## VI. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Christopher Sneed King's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, **ECF No. [1]**, is **DENIED**.

2. A certificate of appealability is **DENIED**.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Christopher Sneed King
#H08914
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233
PRO SE